UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD McGINNEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12CV1452 JAR |
| | ) |
| JENNIFER SACHSE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e).  Under § 1915(e), the Court is required to review all actions filed in forma pauperis and to dismiss any such action if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Upon review of the action, the Court finds that it must be dismissed for failure to state a claim upon which relief can be granted.

**The Amended Complaint**

Plaintiff, a prisoner, brings this action under 42 U.S.C. § 1983.  At all times relevant to the complaint, plaintiff was incarcerated at Missouri Eastern Correctional Center ("MECC").  Defendant Jennifer Sachse is the Warden of MECC; defendant Michael Vernaci is a Correctional Officer; defendant Brenda Short is the Assistant

Warden; and defendant Dwayne Kempker is the Deputy Division Director – Adult Institutions.   Plaintiff sues defendants in their official capacities.

Plaintiff alleges that on July 25, 2010, defendant Vernaci entered his cell and sprayed him with mace for no reason.  Plaintiff claims that Vernaci also gave him a false conduct violation for creating a disturbance.  The conduct violation, says plaintiff, was later dismissed for lack of evidence. Plaintiff filed a grievance about the incident.

Plaintiff says that on November 12, 2010, defendant Kempker sided with Vernaci, finding that there was no evidence to support plaintiff's claims regarding the alleged assault.  Plaintiff believes that Kempker's finding defamed his character in that it inferred he was lying about the incident.

Plaintiff asserts that defendants Sachse and Short violated the prison's policies by failing to find and report that Vernaci had abused him.

## Discussion

When the Court reviewed the original complaint, the Court noted the deficiencies in the complaint so that plaintiff could cure them.  One of the primary deficiencies in the original complaint was that plaintiff did not specify in what capacity he wished to sue defendants, and as a result, the Court was required to construe the complaint as containing only official-capacity claims. And, because

defendants are state officials, plaintiff's claims against defendants in their official capacities failed to state a claim. Plaintiff has again failed to specify in which capacity he is suing defendants.

Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted.

Moreover, plaintiff's claims against Sachse, Short, and Kempker do not state a viable claim under § 1983 because plaintiff has not alleged facts showing that they were directly involved in the alleged violations of his constitutional rights. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 18th day of September, 2012.

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE